UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: SCOTT SAKS,   BK. NO. 8:20-bk-7854-MGW
_____/

ADDISON RANDOLPH CROCKETT,

    Appellant,

v.   CASE NO. 8:22-cv-778-SDM

ANGELA WELCH,

    Appellee.
_____/

## **ORDER**

In the underlying bankruptcy action, Angela Welch, the Chapter 7 trustee for Scott Saks, the debtor, moved for approval of a settlement agreement between Welch and Saks. Under the settlement, Saks agreed to pay Welch $60,000, and Welch agreed to release any claim against Saks and to not oppose the exemptions that Saks claims on Schedule C. Addison Randolph Crockett, Saks's sole creditor, who holds a $6,102,814.96 claim against Saks, objected to the motion for approval. After a hearing, the bankruptcy judge approved the settlement. Crockett appeals and argues (Doc. 6) that the bankruptcy judge abused his discretion by approving the settlement.

## **BACKGROUND**

In 2016, Crockett won against Saks an arbitration award of $4,228,265.00, plus costs of $65,350.00. (Doc. 6 at 2) Crockett attempted unsuccessfully to collect the award from Saks. According to Crockett, Saks fraudulently conveyed or

otherwise impermissibly transferred money and assets to thwart Crockett's collection of the award.

In 2020, Saks filed a Chapter 11 bankruptcy and filed schedules of assets and liabilities. Schedule C claims as exempt, among other assets, a condominium unit in Clearwater, Florida, and an individual retirement account (IRA). Crockett objected and argued (1) that Saks purchased the unit using money impermissibly transferred during the litigation between Crockett and Saks and (2) that the IRA "was funded by [Saks] through fraudulent transfers of non-exempt assets with the intent to hinder, delay, and/or defraud Crockett as his only creditor." (Doc. 6 at 9–10)

An order (Doc. 2-192) in the bankruptcy action converts the bankruptcy from a Chapter 11 bankruptcy to a Chapter 7 bankruptcy and appoints Welch as the Chapter 7 trustee. In accord with 11 U.S.C. § 341, Welch held a meeting of creditors. The parties scheduled a second meeting. But before the second meeting, Welch moved (Doc. 2-200) for approval of a settlement between Welch as trustee and Saks. Under the settlement (Doc. 2-201), Welch released any claim against Saks, who paid $60,000 to Welch. Also, Welch agreed not to oppose Saks's claiming as exempt the assets in Schedule C. Crockett objected (Doc. 2-205) to the motion and argued that the settlement was not fair and reasonable and that the settlement permitted Saks to benefit from the alleged series of fraudulent conveyances. Welch responded (Doc. 2-207) to the objection.

After the second meeting of creditors and after reviewing the motion to approve the settlement, the objection to the motion, and the response to the objection,

the bankruptcy judge held (Doc. 2-214) a hearing on the motion. At the hearing, Welch argued that the settlement was fair (1) because certain assets for which Saks claimed an exemption were not liquid, (2) because Welch found no law explaining whether a debtor can exempt assets in circumstances similar to this action, and (3) because the settlement avoided "tax issues" that would increase the cost and complexity of the bankruptcy action. (Doc. 2-214 at 6) Crockett responded that the settlement was "below the lowest point in the range of reasonableness" and that "at a minimum" Welch must further investigate the settlement and exemptions and must perform a more thorough analysis to ascertain what potential claims Welch released in the settlement.

Weighing the factors from *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), the bankruptcy judge approved the settlement and during the hearing stated (1) that the probability of success in the ongoing litigation was "in question," (2) that Crockett's inability to collect money from Saks for four years before Saks filed for bankruptcy evidenced the difficulty of collecting money from Saks in the bankruptcy action, (3) that the issues in the action were complex (though not infrequently encountered in bankruptcy), and (4) that the settlement, though disfavored by Crockett, offered a final resolution of the action "that falls above the lowest point of the range of reasonableness . . . ." (Doc. 2-214 at 29–30) A later order (Doc. 2-212) overruled Crockett's objection, granted the motion for approval, denied Crockett's motion to dismiss the bankruptcy action, and explained that the approval of the

- 3 -

settlement precluded no claim that Crockett might assert in the related adversary proceeding, 8:21-ap-165-MGW (Bankr. M.D.).  Crockett appealed.

## ANALYSIS

Crockett argues that the bankruptcy judge abused his discretion by approving the settlement, by overruling Crockett's objection, and by denying Crockett's motion to dismiss.  According to Crockett, the bankruptcy judge failed to "perform the necessary analysis" under *Justice Oaks*, 898 F.2d at 1544.  Also, Crockett contends that Welch failed to prove that the settlement is fair.

*Romagosa v. Thomas*, 2006 WL 2085461, at *5 (M.D. Fla. 2006) (Fawsett, C.J.), *aff'd sub nom. In re Van Diepen, P.A.*, 236 Fed. Appx. 498 (11th Cir. 2007), explains that a bankruptcy judge resolving a motion to approve a settlement must review "all necessary facts to make an intelligent evaluation and to make an independent judgment."  *Justice Oaks*, 898 F.2d at 1549, directs a bankruptcy judge reviewing a settlement agreement to consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending [the litigation]; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

The *Justice Oaks* factors inform "the fairness, reasonableness[,] and adequacy of a proposed settlement agreement."  *In re Chira*, 567 F.3d 1307, 1312–13 (11th Cir. 2009) (quoting *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986)).  A bankruptcy judge may approve a settlement unless the settlement "fall[s] below the lowest

point in the range of reasonableness." *In re Martin*, 490 F.3d 1272, 1275 (11th Cir. 2007). The decision to approve a settlement is reviewed for an abuse of discretion. *Christo v. Padgett*, 223 F.3d 1324, 1335 (11th Cir. 2000).

A careful review of the record, including a review of the appealed order and the transcript of the hearing on the motion to approve the settlement, reveals no abuse of discretion. In accord with Rule 9019, Federal Rules of Bankruptcy Procedure, the bankruptcy judge, after reviewing the motion for approval and the objection to the motion, held a hearing on the motion for approval. Welch, Crockett, and Saks each appeared and argued at the hearing. On the record, the bankruptcy judge evaluated the *Justice Oaks* factors and found that the settlement was "clearly" above the "lowest point of the range of reasonableness." (Doc. 2-214 at 30)

Despite the bankruptcy judge's statements on the record, Crockett contends that the bankruptcy judge's analysis of the first three *Justice Oaks* factors is insufficient and asserts that the bankruptcy judge failed entirely to consider the fourth factor. As the bankruptcy judge explained at the hearing (Doc. 2-214 at 29), the inability to collect any money from the 2016 arbitration award suggests that the probability of success is at least "in question" and suggests that collecting the money from Saks is difficult. Crockett argues that "the record is replete with evidence of numerous badges of fraud" and that the likelihood of success on the merits is high. But Crockett's disagreement with the bankruptcy judge's conclusion on one (or each) of the *Justice Oaks* factors fails to prove that the bankruptcy judge abused his discretion. The bankruptcy judge "need not find facts, draw legal conclusions, or otherwise adjudicate the

- 5 -

merits of [the] underlying litigation." *In re Kenny*, 2022 WL 2282843, at *5 (11th Cir. 2022).

Considering the third *Justice Oaks* factor, the bankruptcy judge acknowledged that the action was complex but that the issues were frequently encountered in bankruptcy. Crockett contends that, because the issues presented by the bankruptcy action are encountered "frequently," the third *Justice Oaks* factor favors denying approval of the settlement. Crockett adds that denying approval of the settlement would not result in "undue delay, inconvenience, or expense" because Crockett is prepared for a trial about the objection to Saks's claimed exemptions. (Doc. 6 at 25) But the bankruptcy judge concluded that the settlement offered an expedient final resolution to years of litigation between Saks and Crockett. (Doc. 2-214 at 30) Again, Crockett's disagreement with the bankruptcy judge's conclusion fails to show an abuse of discretion. And public policy favors settlement. *In re Kenny*, 2022 WL 2282843, at *3.

Crockett asserts that the bankruptcy judge abused his discretion by ignoring Crockett's views about the settlement. But the record shows that the bankruptcy judge reviewed Crockett's objection and listened to Crockett's argument about the objection to the settlement. The transcript (Doc. 2-214 at 27–30) of the hearing shows that the bankruptcy judge acknowledged Crockett's views but, after evaluating the other *Justice Oaks* factors, determined that the settlement offered a resolution to the action that "falls above the lowest point of the range of reasonableness." As Crockett mentions in the reply (Doc. 14 at 12), Crockett's position as the sole

creditor offers no "veto power" over the settlement agreement. The bankruptcy judge need not "defer to the [only] creditor simply because the only creditor . . . does not think the settlement is fair." *In re Vazquez*, 325 B.R. 30, 37 (Bankr. S.D. Fla. 2005). The bankruptcy judge properly considered Crockett's views but, after considering each of the *Justice Oaks* factors, determined that the settlement was reasonable.

In addition to challenging the bankruptcy judge's analysis of the agreement, Crockett argues that Welch failed to prove that the settlement is fair. In particular, Crockett challenges the sufficiency of Welch's investigation of potential claims against Saks, challenges the inclusion of a general release of claims in the settlement, and asserts that the bankruptcy judge improperly deferred to Welch's judgment.

*In re Morgan*, 2011 WL 13185742, at *4 (S.D. Fla. 2011) (Moreno, C.J.), *aff'd*, 439 Fed. Appx. 795 (11th Cir. 2011), persuasively explains that "'[t]he decision of a [t]rustee in Bankruptcy to enter a settlement is made within his or her business judgment.'" (alterations in original)  Like the bankruptcy judge in *Morgan*, the bankruptcy judge in this action "examined the proper factors and made an informed and independent judgment, concluding that the compromise did not fall below the lowest point in the range of reasonableness." *Morgan*, 2011 WL 13185742, at *5. Further, the record shows that Welch met with Crockett, evaluated potential claims, and determined (Doc. 13 at 6) that the objection to certain exempted assets was the "only viable claim[.]" Welch explained at the hearing that in her business judgment the

settlement offered an expedient end to the litigation and avoided tax issues that might increase the cost of the bankruptcy action.

## CONCLUSION

A review of the record from the bankruptcy action, the transcript from the hearing, and the record in this appeal reveals no abuse of discretion. For the reasons stated in this order, on the record in the bankruptcy action, and in Welch's response brief, the bankruptcy judge's decision is **AFFIRMED**. The clerk must enter judgment for the appellee and must close the case.

ORDERED in Tampa, Florida, on October 19, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE